IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KIMBERLY SUE NIRMAIER,            )
                                  )
         Plaintiff,               )
                                  )
    v.                            ) Civil Action No. 17-280-E
                                  )
NANCY BERRYHILL, ACTING           )
COMMISSIONER OF SOCIAL SECURITY,  )
                                  )
         Defendant.               )

O R D E R

AND NOW, this 26th day of March, 2019, upon consideration of Plaintiff's Motion for Summary Judgment, the Court, upon review of the Acting Commissioner of Social Security's final decision, denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401, et seq., finds that the Acting Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues that the Administrative Law Judge ("ALJ") erred by: (1) improperly considering the medical opinion of Plaintiff's treating physician in making Plaintiff's residual

functional capacity assessment ("RFC"); and (2) failing to discuss certain evidence of cognitive impairment in his decision. The Court disagrees and finds that substantial evidence supports the ALJ's findings as well as his ultimate determination, based on all the evidence presented, of Plaintiff's non-disability.

First, the Court finds no merit in Plaintiff's contention regarding the ALJ's decision not to give controlling weight to the opinion rendered by treating physician Dean W. Spencer, M.D. in formulating Plaintiff's RFC. (R. 660-62). A claimant's RFC is the most that a claimant can do despite his limitations. See 20 C.F.R. § 404.1545(a). In formulating a claimant's RFC, the ALJ must weigh the evidence as a whole, including medical records, medical source opinions, a claimant's subjective complaints, and descriptions of his or her own limitations. See 20 C.F.R. §§ 404.1527, 404.1529, 404.1545. It is well-established that "[t]he ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011) (citing 20 C.F.R. §§ 404.1527(e)(1), 404.1546(c)).

Moreover, "[t]he law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity." Brown v. Astrue, 649 F.3d 193, 197 n.2 (3d Cir. 2011). A treating physician's opinion is only entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001) (quoting 20 C.F.R. § 404.1527(c)(2)). "If, however, the treating physician's opinion conflicts with other medical evidence, then the ALJ is free to give that opinion less than controlling weight or even reject it, so long as the ALJ clearly explains [his or] her reasons and makes a clear record." Salles v. Comm'r of Soc. Sec., 229 Fed. Appx. 140, 148 (3d Cir. 2007). A treating physician's opinion on the ultimate issue of disability is not entitled to any "special significance," and an ALJ is not required to accept it since the determination of whether an individual is disabled "is an ultimate issue reserved to the Commissioner." Smith v. Comm'r of Social Sec., 178 Fed. Appx. 106, 112 (3d Cir. 2006).

In the present case, the Court finds that the ALJ did not fail to provide sufficient reasons for discounting Dr. Spencer's opinion, nor did he substitute his own lay analysis for the judgment of Dr. Spencer in formulating Plaintiff's RFC. Rather, the ALJ fulfilled his duty as fact-finder to evaluate Dr. Spencer's opinion, considering a number of factors, and in light of all the evidence presented in the record. See 20 C.F.R. § 404.1527. In fact, the ALJ specified that he was giving Dr. Spencer's opinion little weight only after extensively discussing Plaintiff's treatment and examination records and her "relatively full and independent" activities of daily living, and while also weighing the other opinion evidence in the record. (R. 23-27). In the end, the ALJ ultimately found that Dr. Spencer's statement should be given little weight because it is "not supported by the evidence and is not consistent with the record as a whole." (R. 27).

Notably, the ALJ emphasized that Dr. Spencer "is a treating source and his opinion would ordinarily be entitled to great weight." (R. 26-27). Nevertheless, the ALJ explained that the "opinion is inconsistent with [Plaintiff's] conservative treatment history and medical record." (R. 27). The ALJ specified, for example, that Plaintiff "was noted to be doing well with minor

2

complaints on several occasions." (R. 27). Also, the ALJ explained that Dr. Spencer's opinion "appears to rely heavily on [Plaintiff's] subjective complaints and is not consistent with examinations of [Plaintiff] that as discussed above have failed to show significant abnormalities." (R. 27). As the Court has noted, the ALJ reviewed and discussed the evidence of record at length in his decision. While some evidence supports Plaintiff's complaints, the Court finds that a great deal of evidence is not consistent with the extreme limitations suggested in Dr. Spencer's opinion. For instance, as the ALJ stated in his review of the record, Plaintiff generally received conservative treatment for her various complaints of pain. (R. 25-26). Although she complained of migraine headaches, examination was generally normal and she received medication which helped. (R. 25). Likewise, Plaintiff complained of pain in her left side, neck, arm and shoulder, and medications, a TENS unit and ice apparently helped her pain. (R. 24). She received trigger point injections which were somewhat helpful. (R. 24-25). She complained of fibromyalgia but it appeared to be manageable with medication. (R. 25-26). She experienced a serious dog bite that was helped with surgery. (R. 25). She denied experiencing side effects from her various medications, and her examinations were generally unremarkable. (R. 24-26). Moreover, she repeatedly commented on things going well during her appointments. (R. 25).

Thus, the ALJ found that significant discrepancies existed between the rather extreme limitations suggested by Dr. Spencer in his statement and Plaintiff's treatment history, the relatively benign objective physical examination findings, and Plaintiff's own statements to her care providers. Although Plaintiff cites to various pieces of evidence supporting her alleged limitations in her brief, the job of the Court here is to determine whether substantial evidence supports the ALJ's findings. See 42 U.S.C. § 405(g); Hundley v. Colvin, No. 16-153, 2016 WL 6647913, at *1 (W.D. Pa. Nov. 10, 2016). Because judicial review of the Commissioner's decision is expressly limited, even if the Court were to decide the case differently upon a de novo review, it is not proper for the Court to re-weigh the evidence at this juncture. See id.; see also Weidow v. Colvin, No. 15-765, 2016 WL 5871164, at *18 (M.D. Pa. Oct. 7, 2016) (noting that if substantial evidence supports the ALJ's finding, it is irrelevant if substantial evidence also supports Plaintiff's claim). Additionally, the ALJ is not required to make reference to every relevant treatment note, as long as the Court can discern the basis for the ALJ's decision. See Fargnoli v. Massanari, 247 F.3d 34, 42 (3d Cir. 2001).

The Court also notes that the opinion of Dr. Spencer at issue here consists of a fairly simple form evaluation that was filled out by the doctor. (R. 660-62). The form largely consists of options to circle or check and blanks to be filled in by hand. The Court of Appeals for the Third Circuit has stated that "[f]orm reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best." Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993). Thus, the Court notes that, on its face, Dr. Spencer's medical statement alone lacks significant discussion, explanation, or details to justify his findings contained therein. To the extent the limitations that Dr. Spencer found can be justified by referring to his treatment records, the ALJ sufficiently explained why he found such justification to be lacking. Thus, the Court finds that the ALJ sufficiently explained his reasons for giving Dr. Spencer's opinion less than controlling weight.

3

Moreover, in determining Plaintiff's RFC, the ALJ properly considered other medical opinions in the record. For example, the ALJ also addressed the opinion of state agency psychologist Valorie Rings, Psy.D., who found that Plaintiff had no restriction of activities of daily living, no difficulties in maintaining social functioning, and only mild difficulties in maintaining concentration, persistence or pace, and that she had no episodes of decompensation. (R. 27). Thus, Dr. Rings found that Plaintiff's mental health impairment to be non-severe. (R. 27, 115-16). The ALJ reasonably explained that Dr. Rings' opinion is given weight because it "is supported by the evidence, is consistent with the record as a whole and was completed by an expert in the evaluation of the medical issues in disability claims." (R. 27).

Additionally, the ALJ considered the opinion of state agency medical consultant Margel Guie, D.O., who completed a physical residual capacity assessment of Plaintiff, reviewed Plaintiff's records, and assessed her as being capable of performing a modified range of medium work. (R. 27, 116-20). The ALJ noted, however, that Dr. Guie's opinion was based upon a review of the available medical record and that Dr. Guie did not examine the claimant. (R. 27). Moreover, the ALJ found that newer evidence, showing Plaintiff's ongoing complaints, supported some additional physical restrictions, and he accordingly gave Dr. Guie's opinion only some weight. (R. 27). As a result, the ALJ reasonably assessed Plaintiff as having greater physical limitations than those found by Dr. Guie, but lesser physical limitations than those found by Dr. Spencer. (R. 26-27).

Finally, the ALJ expressly stated that although non-examining sources generally do not deserve as much weight as those of examining or treating physicians, he also pointed out that state agency medical and psychological consultants are highly qualified physicians and psychologists who are experts in the evaluation of the medical issues in disability claims under the Act. (R. 27). See SSR 96-6p, 1996 WL 374180 (July 2, 1996). Moreover, the Court of Appeals for the Third Circuit has stated that, in making an RFC determination, an ALJ may give more weight to a non-examining professional's opinion if that opinion is better supported by the record. See Salerno v. Comm'r of Soc. Sec., 152 Fed. Appx. 208 (3d Cir. 2005) (affirming an ALJ's decision to credit the opinion of a non-examining state agency reviewing psychologist, rather than the opinions of a treating physician and a consultative examiner). As in Salerno, The record here establishes that the ALJ was likewise entitled to give more weight to the state agency consultants' opinions than to that of a treating physician.

Accordingly, the Court finds that the ALJ properly discharged his duty to discuss Dr. Spencer's opinion as well as the other relevant opinion evidence addressing Plaintiff's impairments that was presented in the record. The Court further finds that substantial evidence supports the ALJ's evaluation of that evidence and his decisions as to the weight he gave to those opinions in making his ultimate determination.

Plaintiff's second argument is that the ALJ failed to address in his decision a report discussing the results of cognitive tests signed by examiner/therapist Regina H. Nicosia, L.S.W. and Gregory J. Nicosia, Ph.D. (R. 561-69). Although Plaintiff concedes that the ALJ did address Plaintiff's depression in his decision, as did Dr. Rings in her opinion, she complains that neither the ALJ nor Dr. Rings specifically addressed the Nicosia report.

First, the Court notes that Plaintiff does not contend that she is disabled due to cognitive issues. Second, the report at issue is dated August 3 & 4, 2011, more than eight months before Plaintiff's amended disability onset date. Third, the ALJ addressed Plaintiff's mental impairments of depression and anxiety, and found that they did not cause more than minimal limitation in her ability to perform basic mental work activities and are therefore non-severe. (R. 21). In support of this finding, the ALJ noted that Plaintiff received limited mental health treatment consisting of medications for her anxiety and depression from her primary care physician, and that she did not receive any formal mental health treatment during the relevant period. (R. 21). The ALJ also noted that Plaintiff's mental status examinations failed to show significant findings, specifically that examinations were normal in March 2014 and January 2016. (R. 21).

Finally, as discussed supra, the Court is not required to discuss every piece of evidence in the record. See Fargnoli, 247 F.3d at 42. To the extent Plaintiff may want to view this report as a "medical opinion" which should have been addressed, "medical opinions" are defined by the Social Security regulations as statements from "acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 CFR § 416.927(a)(2). Here, an examination was performed and Plaintiff's history was reviewed, and Dr. Nicosia presented the results in this evaluation. Although a summary was included listing a series of recommendations for future treatment and evaluation, Dr. Nicosia did not assess Plaintiff's RFC by opining as to what she could do despite her mental impairments, nor did he assign her any specific work-related restrictions because of her mental impairments.

Moreover, even if the Court were to consider Dr. Nicosia's comment suggesting cognitive therapy to help her identify her deficits and develop compensatory strategies for these deficits as a "medical opinion" under the regulations—rather than as a suggestion or presentation of objective medical findings—the Court notes that Plaintiff fails to explain which specific functional limitations in Dr. Nicosia's evaluation should have been properly discussed and included in Plaintiff's RFC, but were not. Plaintiff generally states in her brief that the ALJ should have mentioned Dr. Nicosia's report in some way, but she does not point to any specific work-related functional restrictions, based on Plaintiff's mental impairments, that were contained in the evaluation that the ALJ failed to consider. Because Plaintiff does not point to specific work-related limitations from Dr. Nicosia's evaluation that the ALJ should have included in Plaintiff's RFC but did not, and because any such missing functional limitations are not otherwise apparent to the Court, the Court finds that Plaintiff's claim in this regard lack merit.

As to any additional arguments mentioned summarily by Plaintiff in his brief, the Court finds that she has failed to establish how the ALJ's failure to consider properly any evidence of record constitutes reversible error.

5

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 14) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 16) is GRANTED.

s/ Alan N. Bloch  
United States District Judge

ecf: Counsel of record

---

In sum, the Court finds that the ALJ did not err in discussing and assessing the medical opinions and other relevant evidence of record in formulating Plaintiff's RFC. Accordingly, the Court affirms.